UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT M. WESOLOWSKI,

                            Plaintiff,

                                               DECISION AND ORDER

                                               04-CV-6387L

                        v.

DANIEL SULLIVAN,
PAUL CHAPPIUS, JR.,
JEFERY A. HALE,
MICHAEL McGINNIS,

                            Defendants.
_____

      Plaintiff, Robert Wesolowski, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in a number of respects in 2003 and 2004, while plaintiff was confined at Southport Correctional Facility. The gist of plaintiff's claims is that defendants, all of whom were at all relevant times DOCS employees at Southport, violated plaintiff's rights by confiscating fundraising materials from plaintiff that he had received from an organization calling itself Families Against Mandatory Minimums ("FAMM").

      Defendants have moved for summary judgment. Plaintiff's only response to the motion has been to ask the Court, repeatedly, for extensions of time to respond to the merits of defendants' motion. Plaintiff was originally directed to respond to defendants' motion by May 18, 2006. (Dkt. #31.) Plaintiff was then granted an extension until July 18, 2006. (Dkt. #34.) On September 6,

2006, the Court gave plaintiff until October 23, 2006, to respond. (Dkt. #39.) On November 14, 2006, I gave plaintiff an extension until January 5, 2007 (Dkt. #40), and on January 19, 2007, I gave him until February 28, 2007 to respond. (Dkt. #41.)

Plaintiff continued to ask for more time to respond. On August 13, 2007, the Court gave him until September 28, 2007 to respond to defendants' motion. (Dkt. #45.) Finally, on October 11, 2007, I granted plaintiff's most recent request for an extension, giving him until October 31, 2007 to respond. (Dkt. #47.) In doing so, I cautioned plaintiff that "[n]o further extensions will be granted" and that "[i]f plaintiff's response papers are not filed on or before October 31, 2007, the Court will decide the motion based on the papers submitted." *Id.* Plaintiff has not filed any response to the motion, or any other papers since then.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to Defendants' Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant of the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med.*

*Ctr.*, 168 F.3d 615, 620 (2$^d$ Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2$^d$ Cir. 2001).

In the instant case, defendants' notice of motion (Dkt. #23) and the Court's initial scheduling order (Dkt. #31) both gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond to a motion of summary judgment. There is no question here that plaintiff has been adequately advised of the pendency of the motion, of the need for him to respond and the form in which he should do so, and of the consequences of not responding to the motion. Since plaintiff has not filed any responding papers, the Court will accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

**II. Failure to Exhaust Administrative Remedies**

Defendants contend that the complaint should be dismissed for failure to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides in part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*

"DOCS's grievance process consists of three stages. First, a grievance is filed with the Inmate Grievance Resolution Committee ('IGRC'). Next, an inmate may appeal an adverse decision to the prison superintendent. Finally, an inmate may appeal the superintendent's decision to the Central Office Review Committee ('CORC')." *Brownell v. Krom*, 446 F.3d 305, 309 (2$^d$ Cir. 2006).

In the case at bar, defendants admit that plaintiff filed a grievance with the IGRC regarding the confiscation of FAMM materials, but they contend that he never appealed the denial of that grievance to CORC. As stated, plaintiff has not denied, or even responded to, that allegation. I therefore accept the truth of that allegation, and conclude that the complaint must be dismissed for failure to comply with the PLRA's exhaustion requirement.

**III. The Merits of Plaintiff's Claims**

Even if plaintiff had exhausted his remedies, however, I would conclude that defendants are entitled to summary judgment. According to plaintiff, the confiscated materials described "how someone could conduct a political fundraising event" to benefit FAMM. Complaint ¶ 9. With respect to their confiscation of plaintiff's FAMM materials, defendants state that plaintiff did not follow DOCS regulations for seeking permission for FAMM as an inmate organization or to raise funds on behalf of FAMM. Defendants have also explained why, in general, DOCS policies prohibit unauthorized fundraising by inmates. *See* Dkt. ##24, 25, 28. Again, plaintiff has not controverted those allegations.

As the Court of Appeals for the Second Circuit has pointed out, the Supreme Court "has counseled judicial restraint in the federal courts' review of prison policy and administration, noting that 'courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.'" *Giano v. Senkowski*, 54 F.3d 1050, 1053 ($2^d$ Cir. 1995) (quoting *Turner v. Safley*, 482 U.S. 78, 84 (1987)). Thus, in *Giano*, the court upheld a correctional facility's policy authorizing confiscation of nude or semi-nude photographs of inmates' spouses or girlfriends. Applying

*Turner*'s four-part test for determining the reasonableness of a prison regulation, the *Giano* court concluded that the prison's policy did not violate the inmate's rights under the First Amendment. *Id.* at 1052-56.[1]

Having considered defendants' submissions in support of their motion for summary judgment, I find that the confiscation of the materials at issue here also did not violate plaintiff's First Amendment rights. While they are of a different character than the material at issue in *Giano*, the items seized from plaintiff present their own challenges to prison order and security. Considering the possibilities for abuse that would arise if inmates were freely allowed to engage in "fundraising" from fellow inmates, the restriction and regulation of such activities by prisoners is unquestionably a legitimate penological interest, and it is uncontroverted that plaintiff did not follow established procedures for obtaining authorization to engage in such activities. *See Leitzsey v. Coombe*, 998 F.Supp. 282, 287 (W.D.N.Y. 1998) (because DOCS rule prohibiting prisoners from engaging in organizational activities or possessing organizational materials that were not authorized by DOCS was reasonably related to legitimate penological interest of maintaining order within correctional facilities, inmate's free speech rights were not violated by punishment imposed upon him for possessing material pertaining to unauthorized group).

In any event, even if defendants' actions did violate plaintiff's rights, defendants would be entitled to summary judgment on the ground of qualified immunity, which shields public officials

---

[1] *Turner* instructs courts to consider: whether there is a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it; whether there are alternative means of exercising the right that remain open to inmates; the impact that accommodation of the asserted right would have on guards and other inmates, and on the allocation of prison resources generally; and the absence of ready alternatives. *Giano*, 54 F.3d at 1053 (citing *Turner*, 482 U.S. at 89-90).

"from civil damages liability insofar as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,' *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), or insofar as 'it [is] objectively reasonable for them to believe that their acts d[o] not violate those rights,' *Velardi v. Walsh*, 40 F.3d 569, 573 (2$^d$ Cir. 1994)." *Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2$^d$ Cir. 1997); *accord Brown v. City of Oneonta*, 106 F.3d 1125,1130-31 (2$^d$ Cir. 1997).

Plaintiff has pointed to no authority, nor has the Court found any, which had clearly established at the time of the events giving rise to this lawsuit that plaintiff had a First Amendment right to possess the materials in question. *See Duamutef v. Moran*, 173 F.3d 844, 1999 WL 248128, at *1 (2$^d$ Cir. 1999) (noting that at the time of the events in question, "there was no Supreme Court or Second Circuit case (and there still is none) articulating a First Amendment right to possess materials that prison officials have seized in the interest of prison security"). Defendants are therefore entitled to summary judgment on this ground as well.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #23) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 10, 2007.